NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VLADKA KOCH, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 3:16-cv-3637-BRM-LHG |
| VRATISLAV PECHOTA, JR., ESQ., et al., | : | **OPINION** |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs Vladka Koch ("Koch"), Eurovid FKK, Helios Natura, Europa Docu-Search, s.r.o., and EurovidFKK, s.r.o.'s (collectively, "Plaintiffs") Motion for an Extension of Time to Conduct Jurisdictional Discovery.[1] (ECF No. 28.) Defendants Vratislav Pechota, Jr., Esq. ("Pechota") and Jeffrey A. Helewitz, Esq. ("Helewitz") oppose the motion. (ECF Nos. 31 and 33.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Plaintiffs' Motion for an Extension of Time to Conduct Jurisdictional Discovery is **DENIED**.

---

[1] Plaintiffs title their motion a "Motion for Allowance of a Sixty (60) Day Period of Time to Conduct Limited Discovery on the Issue of the Court's Personal Jurisdiction in Order to Respond to Defendants' Preliminary Objections." (ECF Nos. 28 and 29.) Plaintiffs do not devote any argument or explanation as to why any extension was necessary to oppose Defendants' motions to dismiss, other than on the issue of personal jurisdiction over Helewitz, nor does the Court discern any reason.

## I. BACKGROUND

This matter arises from two underlying legal malpractice actions filed in the Supreme Court of New York. (ECF No. 15 ¶ 22.) Plaintiffs brought the first action (the "State Action") in 2007 against several attorneys whom Koch alleges committed malpractice and fraud in her divorce proceedings (the "Divorce Action") from her ex-husband, Robert Koch. (*Id.* ¶¶ 9-23.) Specifically, Plaintiffs allege Pechota and other attorneys assisted Robert Koch in gaining control over the business entities that are Plaintiffs in this action and in the State Action. (*Id.* ¶¶ 12-14.) Pechota was not a party to the State Action, however, because Plaintiffs allege they were not aware of his "actions against Plaintiffs' interests until about 2010. (*Id.* ¶ 23.) Pechota "was deposed in the State Action as a third-party witness." (*Id.* ¶ 65.) In July 2012, Helewitz, who is an employee of the New York State Courts, was appointed as a Special Referee in the State Action. (*Id.* ¶ 40.) Plaintiffs allege Helewitz "supervised some of Defendant Pechota and Plaintiffs' depositions" and "aligned himself with the defendants" in the State Action. (*Id.* ¶¶ 66, 91.) Plaintiffs contend Helewitz committed several violations of his duty to the court, including having *ex parte* communications with the State Action defendants, and refusing to abide by stipulated conditions for Koch's deposition, which Koch required due to the fact that she suffers from post-traumatic stress disorder ("PTSD"). (*Id.* ¶¶ 89, 96, 104-12.) Plaintiffs sued Pechota in the second lawsuit, which Pechota removed to the Southern District of New York ("Southern District"). (*Id.* ¶¶ 68-69.) The Southern District granted Pechota's motion for summary judgment, and the Second Circuit affirmed that decision. (*Id.* ¶¶ 71, 73.)

Plaintiffs filed this Complaint on June 22, 2016. (ECF No. 1.) Pechota filed a motion to dismiss in lieu of an answer. (ECF No. 4.) Rather than oppose the motion, Plaintiffs filed an Amended Complaint. (ECF No. 15.), Pechota filed a second motion to dismiss (ECF No. 25), and

Helewitz did the same (ECF No. 26). Both motions are still pending before this Court. Plaintiffs then filed this Motion. (ECF No. 28.)

## II. LEGAL STANDARD

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 Fed. App'x 84, 86-87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "[The Third Circuit's] rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (quoting *Nehemiah v. The Athletics Congress*, 765 F.2d 42, 48 (3d Cir. 1985)). "Jurisdictional discovery should not, however, serve as 'a fishing expedition' into the underlying merits, all while 'under the guise of jurisdictional discovery.'" *Marchionda v. Embassy Suites, Inc.* 122 F. Supp. 3d 208 211 (3d Cir. 2015) (quoting *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 Fed. App'x 474, 478 (3d Cir. 2011)). "[J]urisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state." *Mass. School of Law at Andover, Inc.*, 107 F.3d at 1042 (citing *Campagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). "Where the defendant is an individual, the presumption in favor of discovery is reduced." *Id.* (citing *Shaw v. Boyd*, 658 F. Supp. 89, 91 n.1 (E.D. Pa. 1994)).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Id.* General jurisdiction

requires only continuous and systematic contacts, and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

### III. DECISION

In this Motion, Plaintiffs confine their request for additional discovery to the issue of personal jurisdiction over Helewitz. (ECF No. 29 at 3-4, 6-7.) Plaintiffs appear to concede Helewitz is not subject to specific jurisdiction in this Court, as they do not allege Helewitz is domiciled in New Jersey, nor do they allege any of the events that gave rise to their claims—all of which related to the lawsuit in the Supreme Court of New York—took place in New Jersey. Instead, Plaintiffs' theory under which Helewitz could be subject personal jurisdiction in this Court is based on the fact he is "an individual who conducts regular business within [New Jersey], in the form of providing continuing legal education ("CLE") to New Jersey lawyers with the approval of the Supreme Court of New Jersey." (*Id.* at 2.) Plaintiffs argue jurisdictional discovery could determine if Helewitz's activities as a CLE instructor in New Jersey are so continuous and systematic as to render him subject to general jurisdiction in this forum. (EC No. 29 at 7.)

This Court finds jurisdictional discovery is not warranted. Plaintiffs rely on *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324 (3d Cir. 2009), in which the Third Circuit reversed the district court's denial of a motion to conduct jurisdictional discovery. Plaintiffs' reliance is misplaced, though, as the Third Circuit determined the district court had overlooked the fact that "the parties offer materially different versions of the events that led to [the] lawsuit." *Id.* at 328. The lawsuit concerned the purchase of a powerboat, and the parties had conflicting accounts of where the negotiations and sale, i.e. the events that gave rise to the claim, took place. *Id.*

4

Here, there are no facts in dispute. Even if the Court were to assume Helewitz had continuous and systematic contacts with New Jersey through his CLE instruction, he would not be subject to general jurisdiction in New Jersey. While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home*.") (emphasis added). "It may be that whatever special rule exists permitting continuous and systematic contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1 (1990). Plaintiffs seek additional facts regarding personal jurisdiction over Helewitz, but discovery cannot yield facts sufficient to overcome the absence of legal precedent that supports their theory of personal jurisdiction. Further, "[w]here the defendant is an individual, the presumption in favor of discovery is reduced." *Mass. School of Law at Andover, Inc.*, 107 F.3d at 1042 (citing *Shaw v. Boyd*, 658 F. Supp. 89, 91 n.1 (E.D. Pa. 1994)).

Plaintiffs concede "they have been unable to locate authority which has determined the question of 'general or specific personal jurisdiction' one way or the other in the context of an attorney's involvement in a state's [CLE] program." (ECF No. 29 at 7.) But Plaintiffs were also unable to locate authority in which any individual was subject to general jurisdiction because of continuous and systematic contacts with a forum. This Court has held business contacts alone, such as Helewitz's CLE contacts, cannot subject an individual to general jurisdiction in a forum. *See Am. Centennial Ins. Co. v. Handal*, 901 F. Supp. 892, 898 (D.N.J. 1995) (holding that

individual's three business trips to New Jersey were insufficient to establish general jurisdiction); *Vaccaro v. Branca,* 2015 U.S. Dist. LEXIS 106529 (D.N.J. Aug. 13, 2015) (finding allegations that the defendant entered into a contract with a New Jersey resident and was involved in lawsuits against other New Jersey residents were insufficient to establish continuous and systematic contacts); *Bartone v. NetJets, Inc.*, 2011 U.S. Dist. LEXIS 68080 (D.N.J. June 24, 2011) (finding no personal jurisdiction over individual who attended business meetings in New Jersey). While additional discovery could provide Plaintiffs with additional facts, it could not change the law of general personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an Extension of Time to Conduct Jurisdictional Discovery is **DENIED**. An appropriate Order will follow.


**Date: July \_\_\_, 2017**　　　　　　　　　　　　　*/s/ Brian R. Martinotti*　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**