NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

VLADKA KOCH, et al.,

        Plaintiffs,

    v.

VRATISLAV PECHOTA, JR., ESQ., et al.,

        Defendants.

Civil Action No. 3:16-cv-3637-BRM-LHG

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court are: (1) Defendant Vratislav Pechota, Jr., Esq. ("Pechota") and the Law Office of Vratislav Pechota, Jr., Esq.'s (individually, the "Pechota Firm"; together with Pechota, "Pechota Defendants") Motion to Dismiss Plaintiffs Vladka Koch ("Koch"), Eurovid FKK, Helios Natura, Europa Docu-Search, s.r.o., and EurovidFKK, s.r.o.'s (collectively, "Plaintiffs") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 25); and (2) Defendant Jeffrey A. Helewitz, Esq.'s (individually, "Helewitz"; together with Pechota and the Pechota Firm, "Defendants") Motion to Dismiss Plaintiffs' claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (ECF No. 26). Plaintiffs submitted no opposition to Defendants' motions. However, Plaintiffs filed a motion for an extension of time to complete jurisdictional discovery (ECF Nos. 28 and 29), which the Court denied on July 31, 2017 (ECF No. 36). Plaintiffs confined the motion to the issue of the Court's personal jurisdiction over Helewitz. Plaintiffs' counsel responded to Pechota Defendants' and Helewitz's arguments that their motions

should be considered unopposed by arguing Plaintiffs sought an extension to conduct jurisdictional discovery "and an appropriate extension of time in which Plaintiff is to file opposition papers to Defendants' motions to dismiss thereafter." (Declaration of Jaromir Kovarik (ECF No. 34) ¶ 7.) Plaintiffs did not explain why they could not timely oppose Pechota Defendants' arguments, none of which addressed personal jurisdiction, or Helewitz's other grounds for dismissal. In the nine weeks since the Court denied the motion for jurisdictional discovery, Plaintiffs submitted no opposition nor sought leave to file same. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument on Defendants' Motions to Dismiss. For the reasons set forth herein, Pechota Defendants' Motion to Dismiss is **GRANTED**, Helewitz's Motion to Dismiss is **GRANTED**, and Plaintiffs' Amended Complaint (ECF No. 15) is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws all inferences in the light most favorable to Plaintiffs. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A court may also consider and take judicial notice of matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Court documents are among such matters of public record. *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009).

This matter arises from two underlying legal malpractice actions filed in the Supreme Court of New York.[1] (ECF No. 15 ¶ 22.) Plaintiffs brought the first action (the "State Action") against

---

[1] In instances where the Amended Complaint does not include all pertinent facts, the Court gleans additional information regarding Plaintiffs' earlier lawsuits against Pechota and Helewitz from

several attorneys Koch alleges committed malpractice and fraud in her divorce proceedings (the "Divorce Action") from her ex-husband, Robert Koch. (*Id.* ¶¶ 9-23.) Specifically, Plaintiffs allege Pechota and other attorneys assisted Robert Koch in gaining control over the business entities that are Plaintiffs in this action. (*Id.* ¶¶ 12-14.) Pechota was not a party to the State Action, however, as Plaintiffs allege they were not aware of his "actions against Plaintiffs' interests until about 2010." (*Id.* ¶ 23.) Pechota was deposed in the State Action as a third-party witness. (*Id.* ¶ 65.) In July 2012, Helewitz, who is an employee of the New York State Courts, was appointed as a Special Referee in the State Action. (*Id.* ¶ 40.) Helewitz "supervised some of Defendant Pechota and Plaintiffs' depositions" in the State Action. (*Id.* ¶ 66.) Plaintiffs allege Helewitz "aligned himself with the defendants" in the State Action. (*Id.* ¶ 91.) Plaintiffs contend Helewitz committed several violations of his duty to the court, including having *ex parte* communications with the State Action defendants, and refusing to abide by stipulated conditions for Koch's deposition, which Koch required due to the fact she suffers from post-traumatic stress disorder ("PTSD"). (*Id.* ¶¶ 89, 96, 104-12.) Plaintiffs further allege Helewitz "confused, frightened and intimidated" Koch during her deposition. (*Id.* ¶ 116.) Helewitz's conduct during Koch's deposition led Koch's PTSD to be "re-activated with additional physical ailments." (*Id.* ¶ 122.) Helewitz also told Plaintiffs' counsel and other court observers that Plaintiffs, which promote nudism, were involved with child pornography. (*Id.* ¶¶ 7, 90, 132.)

After Plaintiffs learned of Pechota's alleged misconduct in the State Action, they filed a second lawsuit (the "SDNY Action") on December 2, 2010, in the Supreme Court of New York, naming Pechota as a defendant. (*Id.* ¶ 68.) On or about December 8, 2010, Pechota removed the

---

documents both Defendants included with their motions. Courts may consider publicly recorded documents, including prior court records, which are self-authenticating. F.R.E. 803(14).

3

matter to the Southern District of New York. (*Id.* ¶ 69.) Plaintiff alleges Defendants "obstructed the progress of the [SDNY Action] and the [S]tate [A]ction for nearly three years by violations of their duties to Plaintiffs, including making false statements to courts." (*Id.* ¶ 70.) Pechota filed a motion to dismiss the SDNY Action, which was granted. (Order Granting Mot. to Dismiss (ECF No. 25-2).) The court subsequently dismissed the matter with prejudice. (Order of Nov. 21, 2013 (ECF No. 25-3).) Plaintiffs appealed, and the Second Circuit affirmed the dismissal. (ECF No. 15 ¶ 73.)

Plaintiffs filed this Complaint on June 22, 2016. (ECF No. 1.) Pechota Defendants' filed a motion to dismiss in lieu of an answer. (ECF No. 4.) Rather than oppose the motion, Plaintiffs filed an Amended Complaint (ECF No. 15) asserting claims for: (1) negligence against all Defendants (Count One); (2) intentional and reckless conduct against all Defendants (Count Two); (3) injurious falsehood against all Defendants (Count Three); (4) slander *per se* against both Defendants (Count Four); (5) intentional and/or negligent infliction of emotional distress and physical disability against all Defendants (Count Five); (6) violation of civil rights pursuant to 42 U.S.C. § 1983 against Helewitz (Count Six); (7) negligent misrepresentation or fraud and deceit against all Defendants (Count Seven); (8) future medical expenses resulting from defendants' conduct against all Defendants (Count Eight); (9) aiding and abetting the commission of tort against all Defendants (Count Nine); (10) indivisible harm caused by separate tortfeasors against all Defendants (Count Ten); (11) attorney malpractice against all Defendants (Count Eleven); (12) violation of New York Judiciary Law § 487 against all Defendants (Count Twelve); and (13) punitive damages against all Defendants (Count Thirteen). (ECF No. 15 ¶¶ 144-253.) Pechota Defendants filed a second motion to dismiss (ECF No. 25), and Helewitz did the same (ECF No. 26). Plaintiffs then filed their motion for an extension of time to complete jurisdictional discovery.

(ECF No. 28.) The Court denied Plaintiffs' motion (ECF No. 36) and Plaintiffs filed an interlocutory appeal of the Court's decision, which is pending (ECF No. 38.) The timely filing of a notice of appeal "immediately confer[s] jurisdiction on a Court of Appeals and divest[s] a district court over those aspects of the case involved in the appeal. *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The only aspect of the case that is before the Third Circuit is whether Plaintiffs were entitled to an extension of time to conduct discovery as to this Court's personal jurisdiction over Helewitz. All other issues, including whether Helewitz is in fact subject to the Court's personal jurisdiction, are appropriately before this Court.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Defendants move to dismiss the Complaint for failure to state a claim, pursuant to Rule 12(b)(6). Helewitz also moves on the grounds the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1), and personal jurisdiction pursuant to Rule 12(b)(2). (ECF Nos. 25 and 26.) "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural safeguards for plaintiffs than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016).

#### i. Federal Rule of Civil Procedure 12(b)(2)

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86-87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). A court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368 (quoting *Carteret Sav. Bank, F.A.*

*v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Pursuant to Federal Rule of Civil Procedure 4(e), a district court may exercise personal jurisdiction according to the law of the state where it sits. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 95 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank, F.A.*, 954 F.2d at 145 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales, Inc.*, 384 F.3d at 96 (citing *Carteret Sav. Bank, F.A.*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (citing *Int'l Shoe Co.*, 326 U.S. at 317); *see Metcalfe*, 566 F.3d at 334 ("Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction."). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Id.* General jurisdiction requires only continuous and systematic contacts, and exists in "situations where a foreign corporation's 'continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id.* (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

"Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts

6

with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (citing *Pinker*, 292 F.3d at 368.) The defendant must have "'purposefully directed' his activities at residents of the forum and the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Metcalfe*, 566 F.3d at 334. Further, the Due Process Clause of the Fifth Amendment requires that a "defendant has constitutionally sufficient 'minimum contacts' with the forum" and that "the court's jurisdiction comports with traditional notions of fair play and substantial justice." *Pinker*, 292 F.3d at 369 (citing *Burger King Corp.*, 471 U.S. at 474 and *Int'l Shoe*, 326 U.S. at 316).

While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; *for a corporation*, it is an equivalent place, *one in which the corporation is fairly regarded as at home*.") (emphasis added). "It may be that whatever special rule exists permitting continuous and systematic contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1 (1990).

    ii.  **Federal Rule of Civil Procedure 12(b)(1)**

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the

7

complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

Here, Helewitz asserts a facial attack, arguing Helewitz is entitled to judicial immunity and sovereign immunity as an agent of New York State. *See NJSR Surgical Center, L.L.C. v. Horizon Blue Cross Blue Shield of N.J.*, 979 F. Supp. 513, 517 (finding an assertion of immunity pursuant to Rule 12(b)(1) is a facial attack). The Court, therefore, accepts the allegations in the Amended Complaint as true.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when

the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

### iii. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the-defendant-harmed-me accusation'" must be pled; it

must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

As Plaintiffs have not submitted opposition to the motions to dismiss, and because Plaintiffs have the burden to show the Court's continued jurisdiction, the Court could grant the motions as unopposed without analyzing the merits of Pechota Defendants' and Helewitz's arguments. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); *Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (explaining same). Nevertheless, the Court will consider the arguments in support of the motions.

#### A. Personal Jurisdiction Over Helewitz

Helewitz argues the Court lacks personal jurisdiction over him, because he has no contacts with New Jersey. (Br. in Support of Mot. To Dismiss (ECF No. 27) at 5.) Plaintiffs make no argument that Helewitz is subject to specific personal jurisdiction before this Court. This leaves general personal jurisdiction as the only basis for jurisdiction over Helewitz. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."

*Goodyear Dunlop Tires Operations S.A.*, 564 U.S. at 924. Plaintiffs acknowledge Helewitz, who is of course an individual and not a corporation, is domiciled in New York. (ECF No. 15 ¶¶ 37-39.) Therefore, Helewitz is not subject to general personal jurisdiction before this Court.

Because Plaintiffs cannot establish Helewitz, as an individual, is subject to general personal jurisdiction before this Court based on his domicile, they attempt to apply a theory of general jurisdiction typically reserved for corporations. Plaintiffs argue Helewitz is subject to general personal jurisdiction based on the fact he is "an individual who conducts regular business within [New Jersey], in the form of providing continuing legal education ("CLE") to New Jersey lawyers with the approval of the Supreme Court of New Jersey." (ECF No. 15 ¶¶ 48-49 and ECF No. 29 at 2.) This reasoning is flawed. As an individual, Helewitz's is subject to general personal jurisdiction only where he is domiciled. *See Goodyear Dunlop Tires Operations S.A.*, 564 U.S. at 924. The Supreme Court has never found an individual could be subject to general personal jurisdiction based on continuous and systematic contacts with a forum. *See Burnham*, 495 U.S. at 610 n.1 ("It may be that whatever special rule exists permitting continuous and systematic contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations."). Plaintiffs do not assert claims against Helewitz in his capacity as a CLE lecturer in New Jersey. Rather, all of their claims against him arise from his alleged misconduct in the State Action. Helewitz's activities in New Jersey are irrelevant.

The Court does not have personal jurisdiction over Helewitz. Therefore, his Motion to Dismiss Pursuant to Rule 12(b)(2) is **GRANTED** and the claims against his are **DISMISSED WITH PREJUDICE**.

### B. Helewitz's Motion to Dismiss Pursuant to Rules 12(1) and (6)

As the Court finds Helewitz is not subject to personal jurisdiction, the Court need not reach his arguments concerning the dismissal of the claims against his pursuant to Rules 12(b)(1) and (6).

### C. Pechota Defendants' Motion to Dismiss for *Forum Non Conveiens*

Pechota Defendants argue this lawsuit should be dismissed pursuant to the doctrine of *forum non conveniens*. (ECF No. 25 at 7-8.)

> Although a plaintiff's choice of forum should rarely be disturbed, [w]hen an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would establish . . . oppressiveness and vexation to the defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case.

*Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) (citing *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008). Courts use four factors to guide to decide a motion to dismiss for *forum non conveniens*:

> (1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amendable to process and plaintiffs' claims are cognizable; (3) relevant "private interest" factors affecting the convenience of the litigants; and (4) relevant "public interest" factors affecting the convenience of the forum.

*Id.* (footnote omitted) (citing *Windt*, 529 F.3d at 189-90).

Here, the factors weigh in favor of dismissal. "When a plaintiff is foreign . . . the choice of a United States forum 'deserves less deference.'" *Id.* at 874 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 n.15 (1981)). Koch is a citizen and resident of the Czech Republic, and the business entity Plaintiffs are Czech entities. (ECF No. 15 ¶¶ 1, 4.) As to an alternative forum, all

of the events from which this case arises took place in New York, and both Pechota Defendants and Helewitz are amendable to process in New York. (*See generally*, *id.*) Private interest factors include access to evidence, location of witnesses, and "any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial." *Kisano Trade & Invest Ltd.*, 737 F.3d at 873 (citing *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 296 (3d Cir. 2010)). While the distance between this Court and New York is not great, this factor weighs slightly in favor of dismissal. Finally, public interest factors include the burden on the forum, the interest of a local jury in the matter, and the locus of culpable conduct. *Id.* at 878. As noted, all of the alleged culpable conduct took place in New York. New Jersey has no local interest in deciding a controversy that occurred in New York. *See Dahl v. United Tech. Corp.*, 632 F.2d 1027, 1032 (3d Cir. 1980) (citing *Golf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

Therefore, Pechota Defendants' Motion to Dismiss for *forum non conveniens* is **GRANTED**.

### D. *Res Judicata*

"*Res judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purtner v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985) (footnote and citation omitted). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of *res judicata* bars

not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

Here, *res judicata* bars Plaintiffs' claims against Pechota Defendants. In the SDNY Action, the district court dismissed Plaintiffs' complaint with prejudice and the Second Circuit affirmed. *See Koch v. Pechota*, 632 F. App'x 24 (2nd Cir. 2016). A dismissal of a plaintiff's complaint, even for failure to prosecute, is a final judgment on the merits. *See Color-Plus Leather Restoration Sys., L.L.C. v. Vincie*, 198 F. App'x 165, 167 (3d Cir. 2006). In the SDNY Action, as in this case, Plaintiffs asserted claims against Pechota; therefore the parties are the same in the two actions. (*See* SDNY Action Am. Compl. (ECF No. 25-1).) Finally, in the SDNY action, Plaintiffs asserted claims against Pechota for: (1) breach of fiduciary duty; (2) agent's personal liability; (3) detrimental reliance; (4) negligent misrepresentation; (5) fraudulent concealment by a fiduciary; (6) legal malpractice; (7) legal fraud; (8) fraud and deceit; (9) aiding commission of tort; (10) breach of contract; (11) conversion; (12) spoliation of evidence; (13) violation of New York Judiciary Law § 487; and (14) RICO violations. (ECF No. 15 ¶¶ 342-567.) In this action, Plaintiffs assert claims against Pechota for: (1) negligence; (2) intentional and reckless conduct; (3) injurious falsehood; (4) slander *per se*; (5) intentional and/or negligent infliction of emotional distress and physical disability; (6) negligent misrepresentation or fraud and deceit; (7) future medical expenses resulting from defendants' conduct; (8) aiding and abetting the commission of tort; (9) indivisible harm caused by separate tortfeasors; (10) attorney malpractice; (11) violation of New York Judiciary Law § 487; and (12) punitive damages. (ECF No. 15 ¶¶ 144-89, 205-53.) Several of Plaintiffs' claims in this litigation are identical to those in the SNDY Action. All of the claims in this litigation arise from the same events that gave rise to the SDNY Action, or they took place in

the SDNY Action. When there is "an identity of facts, claims and parties" between two actions, *res judicata* applies. *Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 51 (3d Cir. 1997).

Therefore, Pechota Defendants' Motion to Dismiss pursuant to the doctrine of *res judicata* is **GRANTED**.

### E. Litigation Privilege

Pechota Defendants argue Plaintiffs' claims for injurious falsehood (Count Three) and slander (Count Four) are barred by New York's absolute litigation privilege. (ECF No. 25 at 10.) "[A] federal court sitting in diversity must apply the choice-of-law rules of the forum state." *LeJeune v. Blliss-Salem, Inc.*, 85 F.3d 1069, 1081 (3d Cir. 1996) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The Court must first decide whether New Jersey or New York law applies as determined by New Jersey's choice-of-law principles. *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Spence-Parker v. Del. River & Bay Auth.*, 616 F. Supp. 2d 509, 523 (D.N.J. 2009). New Jersey applies a two-part test. The first part of the choice-of-law inquiry is to determine whether or not an actual conflict exists between the laws of the potential forums. *Maniscalco*, 709 F.3d at 206 (citing *Lebegern v. Forman*, 471 F.3d 424, 429–30 (3d Cir. 2006); *P.V. v. Camp Jaycee*, 197 N.J. 132, 141-43 (2008)). The New Jersey Supreme Court specified the first step is evaluated "by examining the substance of the potentially applicable laws to determine whether 'there is distinction' between them . . . . If not, there is no choice-of-law issue to be resolved." *Camp Jaycee*, 197 N.J. at 143 (quoting *Lebegern*, 471 F.3d at 430). If a conflict exists, the Court proceeds to the second part of the test and "determine[s] which jurisdiction has the 'most significant relationship' to the claim." *Maniscalco*, 709 F.3d at 207 (quoting *Camp Jaycee*, 197 N.J. at 144). In other words, "the Court determines 'which state has

the most meaningful connections with and interests in the transaction and the parties.'" *Spence-Parker*, 616 F. Supp. 2d at 523 (quoting *NL Indus., Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 319 (3d Cir. 1995)).

Under New Jersey law, parties and their attorneys enjoy absolute privilege for defamatory statements that have "some relation to the proceeding." *Hawkins v. Harris*, 661 A.2d 284, 292 (N.J. 1995). Under New York law, all statements among parties, counsel, witnesses, and the court are awarded absolute privilege as long as they are pertinent to the issues in the proceeding. *D'Annunzio v. Avken*, 876 F. Supp. 2d 211 (E.D.N.Y. 2012). The Court finds there is no conflict between New Jersey's and New York's laws governing litigation privilege.

Here, Plaintiffs allege Pechota "made . . . false statements about Ms. Koch and business Plaintiffs being involved with child pornography." (ECF No. 15 ¶¶ 159, 168.) Plaintiffs are engaged in the promotion of naturism or nudism. (*Id.* ¶ 7.) Pechota's alleged comments, insofar as it constituted his opinion about nudism involving children, bore at least some relationship or pertinence to the litigation. Pechota therefore has the benefit of the litigation privilege for the comments.

Therefore, Pechota Defendants' Motion to Dismiss Plaintiffs' claims for injurious falsehood (Count Three) and slander (Count Four) on the ground he enjoyed litigation privilege is **GRANTED**.

### F. Failure to State a Claim Upon Which Relief Can Be Granted

Pechota Defendants argue the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 25 at 11.) Plaintiffs' claims stem from Pechota's alleged conduct in the State Action and the SDNY Action. These claims are not properly before this Court. Pursuant to New York law, a party's only remedy against an attorney is "in the

cases in which the wrongdoing allegedly was committed." *Alliance Network, LLC v. Sidley Austin LLP*, 43 Misc.3d 848, 858 (N.Y. Sup. 2014); *see also*, *Yalkowsky v. Century Apartments Assoc.*, 215 A.D.2d 214 (1st Dep't 1995).

Once Plaintiffs became aware of Pechota's alleged misconduct in the State Action, they named him a defendant in the SDNY Action. (ECF No. 15 ¶ 68.) Plaintiffs were aware of Pechota's alleged misconduct in the SDNY Action at the time it occurred. (*Id.* ¶¶ 70-72.) The SDNY Action was tried to a final judgment on the merits, and Plaintiffs' appeal to the Second Circuit was unsuccessful. (*Id.* ¶¶ 71, 73.) Plaintiffs' remedy for Pechota's alleged misconduct in the SDNY Action "lies exclusively in that lawsuit itself . . . not a second plenary action collaterally attacking the judgment in the original action." *Yalkowsky*, 215 A.D.2d at 215.

Therefore, Pechota Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Pechota Defendants' Motion to Dismiss (ECF No. 25) and Helewitz's Motion to Dismiss (ECF No. 26) are **GRANTED**. Plaintiffs' Amended Complaint (ECF No. 15) is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** the case. An appropriate Order will follow.


**Date: September 27, 2017**               */s/ Brian R. Martinotti*
                                                                           HON. BRIAN R. MARTINOTTI
                                                                           UNITED STATES DISTRICT JUDGE